**Samer DANYAL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72424.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Decided Feb. 26, 2007.

Lisa D. Pickering, Esq., Venu Alagh, Korenberg Abramowitz & Feldun A Law Corporation, Sherman Oaks, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Michael R. Wilner, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Samer Danyal, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's conclusion that Danyal did not establish past persecution or a well-founded fear of future persecution on account of his Christian faith. *See id.* at 481–82, 112 S.Ct. 812.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Danyal presented insufficient evidence that the mistreatment he suffered rose to the level of persecution, *see Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995), or that his assailants belonged to groups the Syrian government was unable or unwilling to control. *See Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995). Because substantial evidence supports the IJ's decision to deny asylum on the merits, we need not address the issue of Danyal's credibility.

Because Danyal did not establish that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Because Danyal failed to raise his CAT claim before the BIA, this claim is unexhausted and we lack jurisdiction to review it. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**